IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HOWARD E. NEASE and
NANCY NEASE,

            Plaintiffs,

v.                                        CIVIL ACTION NO.   3:13-29840

FORD MOTOR COMPANY,
a Delaware Corporation,

            Defendant.

### MEMORANDUM OPINION AND ORDER

Pending are Defendant's Motion to Exclude Expert Testimony of Samuel J. Sero, P.E. (ECF No. 75) and Defendant's Motion for Summary Judgment (ECF No. 85). For the reasons stated below, the Court **GRANTS in part** summary judgment to Defendant on the punitive damages claim and **DENIES** the remainder of each Motion. Further, Defendant's Motion to Exclude Evidence or Reference to Punitive Damages (ECF No. 102) is **DENIED as moot**.

Each Motion relies substantially on Defendant's objections to Mr. Sero's findings and opinions.   If his testimony is excluded, Defendant posits, Plaintiffs cannot demonstrate sufficient evidence to support their claims.   Mr. Sero examined the vehicle on October 11, 2013**,** and March 10, 2014.  His report summarized the observable physical condition of the vehicle, including the speed control cables, accelerator pedal, throttle control components, and other parts which he examined to form the basis for his opinion.  He observed and noted the condition of the steel speed control cable and plastic sheath surrounding it, finding evidence of abrasion and leading him

to use a borescope to further examine it. He found evidence of some foreign substance, material which Mr. Sero opines interfered with the cable's intended movement within the plastic sheath. He made a video recording of the examination and discussed having made similar findings and reached opinions on other Ford vehicles with similar parts.

As Defendant's motion acknowledges, Mr. Sero's opinion is that "a mechanical binding of that cable" resulted from some foreign material becoming lodged in the plastic sheath through which the cable should pass. Defendant makes much of Mr. Sero's theory that the cable was able to move in the direction resulting in acceleration but not in the opposite direction necessary to lessen acceleration. Defendant's design engineers had recognized, many years before when Ford developed the basic configuration of this throttle control system, that a cable such as this may become jammed from foreign material which typically may be found under the hood of a vehicle.

Mr. Sero also offered opinions related to the braking system. He relied upon characteristics of the braking system identified by Ford's own compliance documents to consider, if the brakes were pressed as Plaintiffs described, how the "vacuum assist" feature would be ineffective and the brakes unable to properly slow or stop a vehicle when the accelerator pedal is pressed or throttle remains open. His theory is consistent with and partly based on the description of the event by Mr. Nease.

The Court agrees with Plaintiffs that Mr. Sero used standard engineering methodology to conduct his physical inspection and reach his opinions. Mr. Sero is a registered professional engineer with a degree in electrical engineering. His experience includes the design and operation of mechanical systems in a variety of settings, in addition to his forensic evaluations. His opinions, and the basis he relies upon to support them, involve general engineering matters, particularly mechanical engineering principles typical of automotive systems such as those at issue

here. Unlike the opinions he was precluded from offering in *Buck v. Ford Motor Co.,* 810 F. Supp. 2d 815 (N.D. Ohio 2007) (Ford's NGSC system and alleged electromagnetic interference), his inspection and opinions here concern the mechanical operation of the parts of throttle control cables and the brakes. His methodology consisted of physically inspecting the vehicle's parts, understanding how they are designed to operate, observing evidence of whether some material interfered with the operation of the cable, and opining how that could and did occur here. Every argument raised by Defendant goes to the weight, not admissibility, of his testimony. Defendant's Motion to Exclude is **DENIED**.

Plaintiffs have evidence that Ford identified a sticking or jammed cable as a particular potential failure mode in the early design phase in a similar acceleration system. Ford has also produced customer and dealer service technician reports which Plaintiffs purport include reports of "sticking throttle" in similarly caused unintended acceleration events. Plaintiffs have identified evidence sufficient to create genuine issues of material facts as to their liability claims. However, Plaintiffs fail to articulate a basis for punitive damages. At most, Plaintiffs' proffered evidence is that Ford identified the possibility of unintended acceleration related to a sticking cable and failed to adequately investigate consumer complaints of this specific problem actually occurring. That evidence consisted of a relatively small number of reports of stuck accelerators to dealers who were generally unable to replicate the complaint. They offer no evidence in the record that Ford committed the type of egregious conduct necessary to support punitive damages. Defendant's Motion for Summary Judgment is **DENIED in part, and GRANTED in part**, as to punitive damages**.** As a result, Defendant's Motion to Exclude Financial Evidence is **DENIED as moot.**

The Court **DIRECTS** the Clerk to send a copy of the written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

        ENTER:      March 13, 2015.

ROBERT C. CHAMBERS, CHIEF JUDGE