IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

HOWARD E. NEASE and
NANCY NEASE,

                Plaintiffs,

v.                                               CIVIL ACTION NO.   3:13-29840

FORD MOTOR COMPANY,
a Delaware Corporation,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiffs' Motion in Limine (ECF No. 109) seeks to limit the testimony of Defendant's expert, Dr. Lisa Gwin.   For the reasons below, Plaintiffs' Motion is **DENIED.**

Dr. Gwin conducted an "exemplar surrogate inspection" and offered opinions as to "occupant kinematics."   She placed an individual of height and weight similar to Plaintiff Howard Nease in a vehicle to perform a biomechanical assessment of his body's position at the time of collision.   She used the simulation to offer her opinions on how Mr. Nease's knees would have struck the knee bolster and where his feet were at time the crash occurred.   She also opined that Mr. Nease had been prescribed medicines which could cause side-effects such as confusion and drowsiness.   In her report she speculates that Mr. Nease may have been confused about whether his foot/feet were on the gas pedal or brake.

Dr. Gwin used surrogate studies which are commonly used and relied upon by similar experts in the same field.   The surrogate was substantially similar in height and weight.   She

purported to have opinions only about Mr. Nease's body position at the time of impact and his proximity to indentations on the knee bolster areas of the dashboard. The exemplar surrogate study she conducted is admissible.

Dr. Gwin also opined that Mr. Nease's medications included several which can cause sleepiness, drowsiness, and poor concentration and should not be used when driving. In depositions she stated that she intended to testify at trial that his medications may have affected his driving before the crash. Certainly, Dr. Gwin has the medical expertise to identify relevant potential side-effects of medications, such as sleepiness, drowsiness and the like. However, she has no information upon which she could state whether Mr. Nease exhibited those characteristics prior to the crash. The Court will allow her to describe the relevant potential side effects of any mediation taken by Mr. Nease prior, but sufficiently close, to the crash. The defense may elicit evidence concerning Mr. Nease's use of medications prior to the crash as a foundation for Dr. Gwin's description of potential side effects. However, Dr. Gwin may not offer her opinion on whether Mr. Nease may have been experiencing such side effects while operating his vehicle. There is insufficient evidence to support medical expert testimony as to whether Mr. Nease was impaired as a result of medication side effects prior to the crash.

The Court **DIRECTS** the Clerk to send a copy of the written Memorandum Opinion and Order to counsel of record and any unrepresented parties.

    ENTER:    March 19, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE